■ CHASE MANHATTAN BANK, N. A., Respondent-Appellant, v PETER FRITZ, Individually and as Agent for WARREN HOLDING Co., et al., Appellants-Respondents, et al., Respondents, et al., Defendants. (Action No. 1.) (And Three Other Actions.) — Cross appeals in four consolidated actions from a judgment of the Supreme Court, Kings County (Morton, J.), dated December 8, 1981, which, after a nonjury trial, *inter alia,* awarded Chase Manhattan Bank,

N. A., as plaintiff in Action No. 1, judgment against the defendants-appellants-respondents and defendants-respondents in that action in the principal sum of $307,775.09 and denied the bank's claim against defendants in Action No. 1 in the amount of $170,108.80. Judgment modified, on the law and the facts, by providing that there shall be a recomputation of the amount due Chase Manhattan Bank, N. A. As so modified, judgment affirmed, without costs or disbursements, and matter remitted to Trial Term for entry of an appropriate amended judgment in accordance herewith. During the trial it was conceded by the bank's counsel that the bank had retained the sum of $28,774.59 (representing excess proceeds from the sale of collateral belonging to appellants-respondents [hereinafter defendants]), for more than one year without crediting them for the interest earned. There is no indication in the court's decision that it gave any consideration to this factor in fixing the amount of defendants' obligation. Further, although the court disallowed the bank's "chargeback" of $170,108.80 to the factoring account, which defendants had guaranteed, the court failed to calculate the interest which had improperly accrued on that sum, which also should have been deducted from the account. Accordingly, the amount of defendants' obligation must be recalculated. Finally, in addition to a proper recalculation of the amount of defendants' financial obligation, the judgment should also include a direction that the amount of defendants' obligation shall be reduced by the amount of any proceeds which may be recovered from the sale of the mortgaged properties. Mollen, P. J., Niehoff, Rubin and Boyers, JJ., concur.